Good morning. I am Lisa Korch. I am 23 years old, and I represent the Creditor Group for the appellants in this matter. I'd like to reserve three minutes for rebuttal. This appeal arises out of the appellee's terms of claim asserting fraudulent misrepresentation in a conspiracy key claim in the bankruptcy case of RMS St. Rose Plumbers. My client fought this allowance in two groups of claim on both claim and issue preclusion. Under Admit v. California, this Court may affirm on any ground that's supported by the record, and on that basis, we're seeking affirmation of the Bankruptcy Court's order denying the appellee's proof of claim under either issue preclusion, claim preclusion, or both. The procedural history of this case is important. After a 10-day invasive trial, the State Court determined against the appellee, the appellee's claims for contractual separation, equitable separation, replacement, equitable and concerning stumble, and unjust enrichment were denied. I have a question. Why did your, you know, if you were a trial counselor, why did you not receive on those two claims fraudulent misrepresentation in civil conspiracy at the trial? You gave those two claims, right? Or you didn't receive on them? Your Honor, I represent the appellee's code, the other party. Those are the appellee's material claims. Okay, well, let me ask you something. I don't see a correction, but why did your client make any objections at the time? So my client was not a party to that underlying litigation. My clients are the other significant insecure creditor, so the other party is not a party at all. Can you answer that question? My understanding is that the reason that there wasn't an objection to dismissal was because in order for these main court's findings to become a final decision that could be appealed to be dispositive of that entire case, the fraudulent misrepresentation and conspiracy claims needed to be dismissed. That's why the appellee's claim was denied. They were dismissed or were they just not perceived? They sought dismissal without prejudice. These are our solutions. They sought dismissal, which was largely without prejudice. It wasn't specifically identified as... It was specifically without prejudice, you're correct. Correct, Your Honor. And the reason that they sought dismissal, and they looked for dismissal prior to the findings being entered, so that they could make sure that as soon as the findings and conclusions were entered, that they could immediately appeal. The other four claims. Correct, Your Honor. They wanted, because the claims determined priority as to the property that they were going forward with, with the ultimate liquidation of that and the proceeds, and so... So the dismissal of those two claims, never without prejudice, was addressed by the Obama Supreme Court, correct? It was not. That is correct. But the dismissal is critical here. The reason that the dismissal... They sought dismissal, again, was so that you could have a final adjudication of the case. If those hadn't been dismissed, you wouldn't have a final adjudication of the case, and that's critical for the claim conclusion. Obviously, the police contend that because these two claims were dismissed without prejudice, that the claim conclusion is not applicable, and that's incorrect. The cases they cite all stand for the proposition that if a case is dismissed without prejudice, then that case may subsequently be brought, but that's not our facts here. The facts here is that the case was determined in its totality. It went to the Supreme Court. It was affirmed. Then someone had a bond for hearing. Had they prevailed in the appeal, the case would have been remanded back to the State Court again. You agree that dismissal was without prejudice? I agree. Right now, I'm going to use another position. There's an issue in the trial judges making judgments on this, as to whether this was standing or not. At one point, she appears to say it was standing, and then later she appears to say it's not standing. But is that correct? Correct. I think she ultimately means that the appeal has failed to meet their evidentiary hurdle of establishing. Yeah. But if you look at the version of the fact, that's correct. She said 0.143, 1.44, and 1.45. At least in the last five years of that, that's where she gets to the conclusions of the law.  She said it was not standing. She said it was not standing. It says BBMT, who has not shown that the Clay user causes by action, its defendants being presumed by BBMT, along with BBMT, and its successor in that case, was the ability to assert those claims against the defendants, 1.44 and 1.45 are similar. 1.44 is similar. My question is, does that not, basically, discuss the concept of standing, even though it doesn't use the word standing? It does refer to the concept of standing, although she specifically rejects the idea that it was standing, that it was a failure to carry their evidentiary burden. And that confidency was, in fact, argued before the Supreme Court as well. And so, I mean, determination by the judge that it was a failure to meet their evidentiary burden. I'm trying to figure out why maybe there hasn't been more emphasis on the prior finding in the Nevada State Court that branch ranking lacks standing to bring claims based on the 2017 trust. Because, I mean, doesn't that bind you to the branch rankings and claims for civil conspiracy and fraud? Your Honor, we did argue that before the Bankruptcy Court. We argued that there were two issues with regard to the actual findings. One being the issue of whether or not the fact that they had argued, whether or not the misrepresentation had occurred, and also argued before the Bankruptcy Court that exact point, which is the State Court has determined that they have no right to pursue any of the claims in the Second Amendment complaint, which includes the fraudulent misrepresentation and the conspiracy claims. The Bankruptcy Court didn't ultimately use that as the basis, but it obviously was in the record. It was a position we took, and it's obviously a position we've raised in our briefs, because we do believe that that finding is dispositive. And so what happened at the District Court? I think that may be one of the questions that have been geared toward, with respect to that. At the District Court, the Bankruptcy Court, although they ruled on district preclusion, didn't range claim preclusion, just didn't range it, despite it having been argued. The District Court decision is solely tailored to the misrepresentation allegation. We did argue both before her. However, I think the decisions at the District Court, arguments were tailored more to Bankruptcy Court's decision, which is why her ruling was focused on one of the facts. It has happened, as you could put. Branch Banking does not own the 2000 deed of trust. What does that mean for Branch Banking's claims regarding the sole conspiracy or fraudulent misrepresentation? Sorry, I think there's two distinctions. To the extent that they don't own them, they would not have standing to pursue them in the Bankruptcy Court. But I think the pertinent issue to Judge Narcanales' decision is that in the State Court, they were provided with an opportunity to present evidence that they had authorization to write these claims, that they in fact had the legal right. They proceeded on those before the State Court. They failed to carry their evidentiary burden. They can now go before the Bankruptcy Court and try to cure the deficiency that they failed on before the State Court, which is effectively what they're trying to do. Do any trial and cases courts, Judy Green, was there any preclusive effect to a dismissal based on standing? I hadn't located any. I didn't do a search and didn't locate any on that would carve that out of the claim preclusion, and I haven't ever cited any of the briefs on that point. I'll leave that as a follow-up. I'll ask a question for you. That is, what standard do you think governs the legal sufficiency of branch bankers' claims at the stage of the bankruptcy proceedings? They have to make, in order to pursue their proof of claim, they would have to make a prima facie standard in order to proceed with their proof of claim at that point in time. If they make that burden, my client would then carry the burden of establishing some evidence that they haven't at least met that threshold. After that point, we would volunteer to rule state law burdens of proof with regard to fraudulent disrepresentation and conspiracy claims. Thank you. Thank you. I might just make a note with this idea on the claim preclusion, because I think it is important. What the three cases that have been cited talk about with regards to pre-claim preclusion is this idea that if a case is dismissed in its own totality without prejudice, then in that case, certainly claim preclusion doesn't apply. Those cases don't talk about a situation where one or two claims are dismissed, but the balance of the case has been litigated in its totality to the conclusion. That is our situation here. Five Star, which is a nomadic case addressing claim preclusion, talks about the fact that claim preclusion applies to every claim that could have been brought in that litigation, whether it was brought or not. In this instance, obviously, the fraudulent misrepresentation claims could have been brought. They were, in fact, brought. Similarly, conspiracy claims could have been brought and were, in fact, brought. The fact that the appellees made a strategic decision to dismiss them because they felt confident in their appeal does not somehow give them a right to retain those claims or somehow finding people in the doctrine of claim preclusion. It would be a bizarre result that if the appellees had never brought a fraudulent misrepresentation or a conspiracy claim, that they would be barred by claim preclusion. But because they brought them and then dismissed them without prejudice, somehow they're saved from claim preclusion. And that's effectively what they're attempting to do in this instance, which would totally obliterate the whole purpose of claim preclusion as far as finding criminality in precluding litigation according to any claim religion. As we argued with the bankruptcy court, and as this court would find, provides a basis to affirm the bankruptcy court's decision. Similarly, with regard to issue preclusion, the issue of whether or not appellees had a standing and could prosecute the claims in the second amended complaint was, in fact, actually necessarily litigated. There was a 10-day trial. All of the testimony went to the BACGC who made an affirmative decision that they failed. They carried the burden. And then it's a critical issue that has been finally resolved. Yes. Your attorney, Mr. Chairman, if they could just say, you know, Judge Gonzales, she had said flat out that the BACGC has failed to prove the case. In fact, the BACGC could be different from saying the BACGC has failed to prove the case because it did not establish that it was a successor that she should do. The BACGC had, in fact, additional qualification. The BACGC taking the burden on standing and in view of the fact that BACGC had dismissed the claims for their prejudice, therefore, that raises an issue of whether issue preclusion were due to apply. Of course, it wasn't. Those who really were the merits, it really was the litigants who said, yes, of course. So my understanding is that Judge Gonzales, Chief Judge Gonzales is a teacher of our own. Judge Gonzales is a student of our own. She is a student of the BACGC. So, Judge Gonzales, my understanding is what I'd like to say, this isn't a standing determination. This is a determination that they failed to carry. They're actually burdened with establishing and get the right to pursue these claims, and because of that, they have failed on... Well, in the college, what she used to kind of say, it depends, so that's really just the fact that there are conditions of law and she doesn't use the word standing. So I think we have to interpret whether her findings were good at standing or they're broader. Do you agree with that? Do you agree with that? Senator? I... I understand what Your Honor is saying. My understanding is that she tried to make a critical distinction between standing when she issued her findings, and I think you understand what you're saying. Well, the Nevada Supreme Court seemed to treat it as a standing finding. I mean, it says... It's talking about BB&T's arguments. BB&T argues that the district court hearing of Germany lacks standing. I understand that. Right, so I mean, we have... We can look at the plain language but certainly the Nevada Supreme Court seems to view it as a standing decision. I don't disagree with Your Honor. Certainly, that is the language she used to make those arguments. Your Honor, sir. Thank you. Thank you. Thank you. Thank you.  Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Good morning. Joseph Flynn representing Branch Banking and Trust Company. Of course, it's our position that Judge Navarro at the federal district court level would readily rule on this case. And the state court decision that has held up this effect here was about standing. The deep conclusion of the law in the state court decision is found in the conclusion of law in Memorandum 11, which is page 350, part of the record. The Nevada Supreme Court decisions, both of them, assist in this understanding that the state court was deciding a standing issue. In the order of affirmance, the Nevada Supreme Court stated that it concluded that the state court's decision that BB&T failed to prove standing was not clearly erroneous. The key sentence in that order of affirmance is found in page 360 of the record. If the Nevada Supreme Court's order is not an ongoing reconsideration, the Nevada Supreme Court again confirmed that BB&T's failure to prove standing as decided by the state court was not clearly erroneous. And the key sentence there is found in page 365 of the record, where the record reflects that BB&T voluntarily dismissed the Supreme Court's pursuant to its misrepresentation. As far as you argue, does this record show why, or can you clarify on that? The record does show why that's my direct accord to page 326 of the record, page 327 of the record, where a trial that took place at the state court level was about being priority. Issues in this case whether conspiracy exists or not are critical to the main priority question. Voluntary dismissal under rule of the Nevada Rules of Procedure. Anyway, so what concerns us, the decision of us then, at the point of dismissal, what was the tactical reason? The BB&T's voluntary dismissal explains the tactical reason was to preserve those claims for litigation at a later date. That's why you volunteer. So the alternative at that point, if they end up under dismissal, it's a second trial, or a renewed trial. A second trial, exactly right. Correct. Does any factual finding from the Nevada State Court or state have issued a reclusive offense? It's our position that none of those factual findings have issued a reclusive offense. And just bear with me because I'm just trying to figure out something that seems a little odd to me here. And so, assume we gave a statement or a reclusive of factual findings that the branch ranking is not a colonial successor in interest. Does that preclude or prevent branch ranking for bringing claims of civil conspiracy or fraudulent service litigation? No. In the sense that standing as a curable condition, BB&T could later fix that inventory problem. Can you proffer what we would show to fix that problem? Well, if you see the record right now, it begins at page 283 of the record. It consists of the 2011 assignment that is most referred to in the documents. And that document identifies the transfer of the subject moment of the claims arising from that subject moment. It's the document that conducts that transfer. Well, if we were to agree with you, then you should get back to page 435. Correct. One, excuse me. Do you now have evidence? What evidence would you introduce? Who made that your client to show there was fraudulent misrepresentation or conspiracy? The evidence that would exist in the record with respect to the promises made by the principals at the debtor with the actions they would take in connection with obtaining the zipping loan, that's that issue here. Those are the allegations from the complaint. Here is your complaint. The records still are relevant and they will be subpoenaed according to page 2 of your complaint. Correct. So you agree that the breach banking has to be a successor to interest to Colonial Bank to bring its hopes for the conspiracy for the fraudulent misrepresentation. Yes. Do you agree or do you say the breach banking has to call the 2017 trust to bring the claims for civil conspiracy and fraudulent misrepresentation? The loan and the loan documents associated with it. The answer to that would be yes. And you say that that record that you just equated to reflects that. That's correct, your honor. I have to get to page 283 of the record. It's a document entitled Assignment and Assumption of Debtor Trust Loan Documents and Associated Documents and Rights. And this is the kind of document that was executed in 2011. So when the state court was making its decision in 2010, this document didn't exist and was not part of that record. Right. But you would agree with me that if we were well excuse me if the evidence to which you point now doesn't exist and didn't happen that claim conclusion would apply to the standing question. In other words, you would know that the finding that you lack standing would have to  be preclusive. I would disagree with that because the standing question focuses on the parties seeking adjudication and how the issues sought to be adjudicated. And so I think you'd be interested in knowing what to do about the pure question of standing. You know, the finding that you lack standing in 2010 would have precluded you from the federal court saying, no, I actually do have standing but for the new documents. But for the evidence? No, that's what I mean. The question I'm agreeing with you that standing has to be determined at the time. I'm just saying the bankruptcy court could not revisit the determination of 2010 that you lack standing. But for the new evidence. I'd also point out another procedural issue here that's reflected in the record and that's what they're trying to do. A decision made by the creditor side to, you know, what was that specifically? It was the debtor in the case that made a motion pursuant to final rule civil procedure 52C which focused the state district court on the question of standing. Once the state court was focused on standing it had the effect of rendering irrelevant superfluous. Every other finding and every other conclusion had nothing to do with that standing question. And the decision limited to standing had no claim producing effect. I would suggest to our embarrassment being that Judge Navarro at the federal court said that the fighting conclusion argument had been conceded. The essence of the fighting conclusion argument is about what is the judgment. Here he is challenging the establishment of the first factor necessary to define fighting conclusion as the scope of the judgment entered by the state district court. It is certainly not what the creditor thinks it is. That state court judgment was about standing and always standing. The ruling was to preserve resources and to conserve time. If those facts were established he wouldn't choose the ultimate result. Our decision was about standing. The Damascus Supreme Court characterization of what they were doing was not addressing the merits. Again, the concept that the minister was grappling with was the status of the parties seeking adjudication and not the merits of the underlying claims. It was their side that chose the file that I will talk     bit more detail. It is not a choice. It is irrelevant. Those other findings and conclusions don't address the standing concept. The Federal Judiciary Court does not address the merits of the underlying claims. It is a well established and basic tenet, as she pointed out, especially in connection with this Court's decision of flagging substitutes, which she cited in her order at the time  claim. I will not say any question has not been satisfied. Walk me through what is actually happening as Judge Navarro's order stands. You file a proof of claim. When you proceed to an absurd proceeding, or a trial on the rule of bankruptcy procedure in 1914, you go to trial and there should be what happens. A misrepresentation and a disappearance of place between the subject and the proof of claim. You would also show
judges: Thomas, Murguia, Baylson